```
           IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                       DIVISION OF ST. CROIX
```

**HENRY C. SAMPSON,**                    )
       Plaintiff,                   ) D.C. CV. No. 2010-110
                                         )
       v.                           ) Ref:    CR. App. No. 1996-050
                                         )         CV. App. No. 1998-187
**KEITH FRANCOIS, BOC Warden;**          )         CV. No. 2000-166
**SONIA LIBURD, Programs Director;**     )         CV. No. 2002-016
**and GOVERNMENT OF THE VIRGIN**         )
**ISLANDS,**                             )
       Defendants.[1]               )
_____  )


**O R D E R**


    **THIS MATTER** is before the Court on *pro se* Plaintiff Henry Sampson's civil rights complaint pursuant to 42 U.S.C. §1983,[2] 28

---

[1] Federal Rule of Civil Procedure 25(d)(1) provides that:

When a public officer is a party to an action in his official capacity and during its pendency dies, resigns, or otherwise ceases to hold office, the action does not abate and the officer's successor is automatically substituted as a party. Proceedings following the substitution shall be in the name of the substituted party, but any misnomer not affecting the substantial rights of the parties shall be disregarded. An order of substitution may be entered at any time, but the omission to enter such an order shall not affect the substitution.

[2] Title 42 U.S.C. § 1983 (civil action for deprivation of rights) provides that:

    Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress
(continued...)

*Sampson v. Francois, et al.*
D.C. CV. NO. 2010-110
Order
Page 2

U.S.C. § 1361,[3] and the Fist, Eighth and Fourteenth Amendments to the United States Constitution.  Plaintiff alleges that his constitutional rights were violated when he was removed from his employment in the upholstery shop and reassigned to a "special assignment with the painting crew." (Complaint at 3.)  It further appears that Plaintiff is arguing that the upholstery job is still available and it was "illegal to arbitrarily and capriciously" remove him from that job.  As such, he seeks an award of damages in the amount of Two Hundred Fifty Thousand Dollars ($250,000.00), and punitive damages for emotional distress, mental anguish, pain and suffering.

A plaintiff may bring suit under 42 U.S.C. § 1983 against any person who, acting under the color of law, deprived him or her of a right secured by the Constitution or other law.  *See* 42 U.S.C. § 1983 (2000).  In order to prevail on a due process claim, a plaintiff must demonstrate the existence of a protected liberty interest, and that protected liberty interest may arise from either

---

[2](...continued)
applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

[3]   Plaintiff does not specify which § 1361 he is relying upon in bringing the instant motion, but the Court assumes based on the allegations that the motion is pursuant to 28 U.S.C. § 1361 which states that: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

*Sampson v. Francois, et al.*
D.C. CV. NO. 2010-110
Order
Page 3

of two sources, the Due Process clause itself or the laws of a state. *See Hewitt v. Helms,* 459 U.S. 460, 466 (1983). The Court accepts as true the factual allegations in the complaint and all reasonable inferences that can be drawn therefrom,[4] and is mindful that Plaintiff is entitled to relief if his complaint sufficiently alleges deprivation of any right "secured by the Constitution." *See* 42 U.S.C. § 1983.

After liberally reading the instant complaint, it does not appear that Plaintiff can prove facts that would entitle him to relief. The Court finds that Plaintiff has failed to state a claim pursuant to 42 U.S.C. § 1983, and has failed to allege a violation of any serious liberty interest, and no fundamental violation of any right, privilege or immunity secured by the constitution that might militate against dismissal of his complaint. *See, e.g., Asquith v. Volunteers of America*, 186 F.3d 407, 410-11 (3d Cir. 1999) (holding that a prisoner is deprived of a state-created liberty interest only if the deprivation "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"); *James v. Quinlan,* 866 F.2d 627, 629-30 (3d Cir. 1989) (holding that an inmate does not have a protected liberty or property interest protected by the Constitution in

---

[4] *See Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993).

*Sampson v. Francois, et al.*
D.C. CV. NO. 2010-110
Order
Page 4

continued prison employment); Bryan v. Werner, 516 F.2d 233, 240 (3d Cir. 1975) (stating "[w]e do not believe that an inmate's expectation of keeping a particular prison job amounts either to a 'property' or 'liberty' interest entitled to protection under the due process clause).

Plaintiff has not alleged a deprivation of any right secured by the Constitution, and the Court simply cannot find, under any reasonable reading of the pleadings, that Plaintiff may be entitled to relief.  Accordingly, it is hereby

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* is **GRANTED**; and further

**ORDERED** that Plaintiff's civil rights complaint pursuant to 42 U.S.C. §1983,[5] 28 U.S.C. § 1361,[6] and the Fist, Eighth and

---

[5]   Title 42 U.S.C. **§** 1983 (civil action for deprivation of rights) provides that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

[6]   Plaintiff does not specify which § 1361 he is relying upon in bringing the instant motion, but the Court assumes based on the allegations

(continued...)

*Sampson v. Francois, et al.*
D.C. CV. NO. 2010-110
Order
Page 5

Fourteenth Amendments to the United States Constitution is

**DISMISSED** without prejudice for failure to state a claim upon which

relief may be granted; and further

**ORDERED** that Plaintiff's motion for service of process is

**DENIED** as moot; and further

**ORDERED** that the Clerk of the Court shall **CLOSE** this file.

**DONE AND SO ORDERED** this 28 day of February 2011.

                                          **E N T E R:**

                                          /s/ Raymond L. Finch
                                          _____
                                          **RAYMOND L. FINCH**
                                          **SENIOR DISTRICT JUDGE**

**Copies to:**
    George W. Cannon, Jr., Magistrate Judge
    Mr. Henry C. Sampson, Golden Grove Adult Correctional Facility, Rural Route 1, Kingshill, VI 00850 (Please Mark: "LEGAL MAIL: OPEN IN PRESENCE OF INMATE ONLY")
    Richard Schrader, Jr., AAG

---

[6](...continued)
that the motion is pursuant to 28 U.S.C. § 1361 which states that: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."